IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ERIC CLEMMONS, | ) | |
| Register No. 99956, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-4033-CV-C-SOW |
| | ) | |
| BILL ARMONTROUT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 15, 2005, plaintiff filed a motion for substitution of party. Defendants have filed suggestions in opposition, arguing that plaintiff's motion is untimely, pursuant to Federal Rule of Civil Procedure 25(a), and therefore, should be denied. Plaintiff has filed reply suggestions.

Rule 25(a) provides that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." The parties have agreed that, pursuant to Missouri statute, defendant Brooks' death extinguishes only plaintiff's claims of false imprisonment, and that plaintiff's claims under 42 U.S.C. § 1983 and claims of malicious prosecution survive Brooks' death. Rule 25(a) also provides that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . ., the action shall be dismissed as to the deceased party." Plaintiff filed a motion for appointment of defendant ad litem and substitution of party, pursuant to Rule 25(a), on April 11, 2005, less than ninety days after defendants filed suggestions of death as to defendant George Brooks. On May 24, 2005, this court denied plaintiff's motion for appointment of defendant ad litem, and thus, also denied plaintiff's motion to substitute the defendant ad litem as a party for the deceased defendant George Brooks. In such order, plaintiff was advised that although he was not entitled to an appointment of a defendant ad litem under Mo. Rev. Stat. § 537.021, he could substitute a personal representative from defendant Brooks' estate, pursuant to section 537.021.1(2). On June 15, 2005, plaintiff filed

his second motion for substitution of party, requesting defendant Brooks' estate be substituted as a party for Mr. Brooks.

Upon consideration, the court will grant plaintiff's motion for substitution. Federal Rule of Civil Procedure 6(b) "authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed when the failure to file the motion was the result of excusable neglect." *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005). In the instant case, the court finds that because plaintiff's original motion for appointment of defendant ad litem and substitution of party pursuant to Rule 25(a) was timely filed; plaintiff's subsequent motion for substitution, filed pursuant to the directive of this court (see May 24, 2005, Order, Doc. 119, advising plaintiff he must substitute a personal representative of defendant Brooks' estate, rather than a defendant ad litem), although untimely, was proper because the delay in filing was the result of excusable neglect. The timing of plaintiff's June 15, 2005, motion was not due to his misapplication or misreading of the plain language of Rule 25(a), but rather a result of plaintiff awaiting a ruling by the court on his previous motion for substitution. *Cf. id.* at 543 (misapplication or misreading of the plain language of Rule 25 by plaintiff did not establish excusable neglect). The court, in taking into account all the relevant circumstances surrounding plaintiff's omission, finds that equity requires that plaintiff's motion for substitution be granted. *See id.* ("The determination as to what sort of neglect is considered excusable is 'an equitable' one . . . .").

IT IS, THEREFORE, ORDERED that plaintiff's motion for substitution of party is granted and the Estate of George Brooks is substituted as a party for defendant George Brooks, pursuant to Fed. R. Civ. P. 25. [125]

Dated this 13th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

2